1

2

3

4

5

6            **UNITED STATES DISTRICT COURT**

7              EASTERN DISTRICT OF CALIFORNIA

8

9   | ROBERTO HERRERA,              | Case No. 1:11-cv-02076- DLB PC |

10  |        Plaintiff,             | **ORDER DISMISSINGCOMPLAINT FOR FAILURE TO STATE A CLAIM WITH LEAVE TO AMEND** |

11  |     v.                        | |

12  | L.D. ZAMORA, et al.,          | ECF No. 1 |

13  |        Defendants.            | RESPONSE DUE WITHIN THIRTY DAYS |

14

15  **I.      Background**

16          Plaintiff  Roberto Herrera ("Plaintiff") is a prisoner in the custody of the California

17  Department of Corrections and Rehabilitation ("CDCR").  Plaintiff is proceeding pro se and in

18  forma pauperis in this civil action pursuant to 42 U.S.C. § 1983.  On December 12, 2011, Plaintiff

19  filed his complaint.  ECF No. 1.

20          The Court is required to screen complaints brought by prisoners seeking relief against a

21  governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

22  Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

23  "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

24  monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

25  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

26  dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a

27  claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

28          A complaint must contain "a short and plain statement of the claim showing that the pleader

1

1  is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but

2  "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,

3  do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550

4  U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a

5  claim to relief that is plausible on its face.'"  *Id.* (quoting *Twombly*, 550 U.S. at 570).  While factual

6  allegations are accepted as true, legal conclusions are not.  *Id.*

7  **II.      Summary of Complaint**

8          Plaintiff is incarcerated at California State Prison, Corcoran ("CSP-Cor") in Corcoran,

9  California, where the events giving rise to this action occurred.  Plaintiff names as Defendants: L. D.

10  Zamora, health care appeals director's level reviewer for the CDCR, and the Corcoran SHU health

11  care pain committee staff, who are John Doe defendants.

12          Plaintiff alleges that he suffers from chronic pain and was taking a medicine called tramadol,

13  which helped his pain problem.  The prescription expired over a year prior to the filing of the

14  complaint.  Since then Plaintiff has suffered from pain and the Corcoran SHU health care pain

15  committee has denied Plaintiff tramadol.  Plaintiff was instead prescribed a different medication

16  which does not help Plaintiff's pain.  Plaintiff filed a 602 grievance regarding his problem.

17  Defendant L. D. Zamora denied Plaintiff's grievance at the third level.

18          Plaintiff requests as relief compensatory, and punitive damages, and costs of suit.  Plaintiff

19  also requests that he be provided with tramadol.  Plaintiff attaches his inmate grievance as an exhibit

20  to this complaint.

21  **III.      Analysis**

22          Plaintiff's complaint is construed as a claim of deliberate indifference to a serious medical

23  need in violation of the Eighth Amendment.  The Eighth Amendment prohibits cruel and unusual

24  punishment.  "The Constitution does not mandate comfortable prisons." *Farmer v. Brennan*, 511

25  U.S. 825, 832 (1994) (quotation and citation omitted).   A prisoner's claim of inadequate medical

26  care does not rise to the level of an Eighth Amendment violation unless (1) "the prison official

27  deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison

28  official 'acted with deliberate indifference in doing so.'"  *Toguchi v. Chung*, 391 F.3d 1051, 1057

1    (9th Cir. 2004) (quoting *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)).

2    The deliberate indifference standard involves an objective and a subjective prong.  First, the alleged

3    deprivation must be, in objective terms, "sufficiently serious . . . ."  *Farmer*, 511 U.S. at 834 (citing

4    *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)).  Second, the prison official must "know[] of and

5    disregard[] an excessive risk to inmate health or safety . . . ."  *Id.* at 837.

6          "Deliberate indifference is a high legal standard."  *Toguchi*, 391 F.3d at 1060.  "Under this

7    standard, the prison official must not only 'be aware of the facts from which the inference could be

8    drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'"

9    *Id.* at 1057 (quoting *Farmer*, 511 U.S. at 837).  "'If a prison official should have been aware of the

10   risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the

11   risk.'"  *Id.* (quoting *Gibson v. County of Washoe, Nevada*, 290 F.3d 1175, 1188 (9th Cir. 2002)).

12         Plaintiff fails to state a claim against any Defendants.  Plaintiff has sufficiently alleged that

13   having chronic pain is a serious medical need. However, Plaintiff fails to allege that any Defendants

14   acted with deliberate indifference.  Plaintiff complains that he was taken off tramadol and provided

15   other pain medication.  It appears that Plaintiff disagrees with the treatment recommended and

16   prescribed by the pain committee.  A difference of opinion between the physician and prisoner

17   concerning the appropriate course of treatment does not amount to deliberate indifference to a

18   serious medical need. *Toguchi*, 391 F.3d at 1058.  Defendant Zamora's action in denying Plaintiff's

19   inmate grievance also fails to state a claim.  Plaintiff alleges no facts which demonstrate that

20   Defendant Zamora disregarded an excessive risk of serious harm to Plaintiff's health.  As indicated,

21   Plaintiff's disagreement with the prescribed treatment for his pain does not amount to deliberate

22   indifference.

23   **IV.    Conclusion and Order**

24         Plaintiff fails to state any cognizable federal claims against any Defendants.  The Court will

25   provide Plaintiff with an opportunity to file a first amended complaint curing the deficiencies

26   identified by the Court in this order.  *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

27   Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended

28   complaint.  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

1    If Plaintiff decides to amend, Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but

2    must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or

3    other federal rights. *See Iqbal*, 556 U.S. at 678.   Although accepted as true, the "[f]actual

4    allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*,

5    550 U.S. at 555.

6          Finally, Plaintiff is advised that an amended complaint supersedes the original complaint,

7    *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567

8    (9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded

9    pleading," L. R. 220.  Plaintiff is warned that "[a]ll causes of action alleged in an original complaint

10   which are not alleged in an amended complaint are waived." *King*, 814 F.2d at 567 (citing to

11   *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981)); *accord Forsyth*, 114 F.3d at

12   1474.

13         Accordingly, based on the foregoing, it is HEREBY ORDERED that:

14         1.      The Clerk's Office shall send Plaintiff a complaint form;

15         2.      Plaintiff's complaint is dismissed for failure to state a claim, with leave to serve and

16   file a first amended complaint within **thirty (30) days** from the date of service of this order; and

17         3.      If Plaintiff fails to comply with this order, the Court will dismiss this action for failure

18   to obey a court order and failure to state a claim.

19

20

21   IT IS SO ORDERED.

22     Dated:   __**September 10, 2012**__              __/s/ *Dennis L. Beck*__

23                                                   UNITED STATES MAGISTRATE JUDGE

24

25

26

27

28

4