UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERTO HERRERA, | Case No. 1:11-cv-02076- DLB PC |
| Plaintiff, | **ORDER DISMISSINGCOMPLAINT FOR FAILURE TO STATE A CLAIM WITH LEAVE TO AMEND** |
| v. | |
| L.D. ZAMORA, et al., | ECF No. 1 |
| Defendants. | RESPONSE DUE WITHIN THIRTY DAYS |

**I.      Background**

Plaintiff Roberto Herrera ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil action pursuant to 42 U.S.C. § 1983. On December 12, 2011, Plaintiff filed his complaint. ECF No. 1.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader

is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). While factual allegations are accepted as true, legal conclusions are not. *Id.*

## II.   Summary of Complaint

Plaintiff is incarcerated at California State Prison, Corcoran ("CSP-Cor") in Corcoran, California, where the events giving rise to this action occurred. Plaintiff names as Defendants: L. D. Zamora, health care appeals director's level reviewer for the CDCR, and the Corcoran SHU health care pain committee staff, who are John Doe defendants.

Plaintiff alleges that he suffers from chronic pain and was taking a medicine called tramadol, which helped his pain problem. The prescription expired over a year prior to the filing of the complaint. Since then Plaintiff has suffered from pain and the Corcoran SHU health care pain committee has denied Plaintiff tramadol. Plaintiff was instead prescribed a different medication which does not help Plaintiff's pain. Plaintiff filed a 602 grievance regarding his problem. Defendant L. D. Zamora denied Plaintiff's grievance at the third level.

Plaintiff requests as relief compensatory, and punitive damages, and costs of suit. Plaintiff also requests that he be provided with tramadol. Plaintiff attaches his inmate grievance as an exhibit to this complaint.

## III.   Analysis

Plaintiff's complaint is construed as a claim of deliberate indifference to a serious medical need in violation of the Eighth Amendment. The Eighth Amendment prohibits cruel and unusual punishment. "The Constitution does not mandate comfortable prisons." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quotation and citation omitted). A prisoner's claim of inadequate medical care does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" *Toguchi v. Chung*, 391 F.3d 1051, 1057

(9th Cir. 2004) (quoting *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)). The deliberate indifference standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious . . . ." *Farmer*, 511 U.S. at 834 (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). Second, the prison official must "know[] of and disregard[] an excessive risk to inmate health or safety . . . ." *Id.* at 837.

"Deliberate indifference is a high legal standard." *Toguchi*, 391 F.3d at 1060. "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" *Id.* at 1057 (quoting *Farmer*, 511 U.S. at 837). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" *Id.* (quoting *Gibson v. County of Washoe, Nevada*, 290 F.3d 1175, 1188 (9th Cir. 2002)).

Plaintiff fails to state a claim against any Defendants. Plaintiff has sufficiently alleged that having chronic pain is a serious medical need. However, Plaintiff fails to allege that any Defendants acted with deliberate indifference. Plaintiff complains that he was taken off tramadol and provided other pain medication. It appears that Plaintiff disagrees with the treatment recommended and prescribed by the pain committee. A difference of opinion between the physician and prisoner concerning the appropriate course of treatment does not amount to deliberate indifference to a serious medical need. *Toguchi*, 391 F.3d at 1058. Defendant Zamora's action in denying Plaintiff's inmate grievance also fails to state a claim. Plaintiff alleges no facts which demonstrate that Defendant Zamora disregarded an excessive risk of serious harm to Plaintiff's health. As indicated, Plaintiff's disagreement with the prescribed treatment for his pain does not amount to deliberate indifference.

### IV.    Conclusion and Order

Plaintiff fails to state any cognizable federal claims against any Defendants. The Court will provide Plaintiff with an opportunity to file a first amended complaint curing the deficiencies identified by the Court in this order. *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

If Plaintiff decides to amend, Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. *See Iqbal*, 556 U.S. at 678.   Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555.

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint, *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded pleading," L. R. 220.  Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." *King*, 814 F.2d at 567 (citing to *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981)); *accord Forsyth*, 114 F.3d at 1474.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;

2. Plaintiff's complaint is dismissed for failure to state a claim, with leave to serve and file a first amended complaint within **thirty (30) days** from the date of service of this order; and

3. If Plaintiff fails to comply with this order, the Court will dismiss this action for failure to obey a court order and failure to state a claim.

IT IS SO ORDERED.

Dated:   **September 10, 2012**            /s/ *Dennis L. Beck*
                                                                UNITED STATES MAGISTRATE JUDGE

4