# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERTO HERRERA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>L. D. ZAMORA, et al.,<br><br>　　　　　Defendants. | Case No. 1:11-cv-02076-DLB PC<br><br>**ORDER DENYING PLAINTIFF'S MOTIONS FOR PRELIMINARY INJUNCTION**<br><br>**(ECF Nos. 14, 18)** |

Plaintiff Roberto Herrera ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil action pursuant to 42 U.S.C. § 1983. On February 13, 2012, and April 27, 2012, Plaintiff filed motions requesting that the court order that he be provided with his previous pain medication. The Court construes the motions as motions for preliminary injunction.

A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008) (citations omitted). The purpose of preliminary injunctive relief is to preserve the status quo or to prevent irreparable injury pending the resolution of the underlying claim. *Sierra On-line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984).

Federal courts are courts of limited jurisdiction, and as a preliminary matter, the court must have before it an actual case or controversy. *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983); *Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc.*, 454 U.S. 464, 471 (1982). If the court does not have an actual case or controversy before it, it has no power to hear the matter in question. *Lyons*, 461 U.S. at 102. Thus, "[a] federal court may issue an injunction [only] if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." *Zepeda v. United States Immigration Serv.*, 753 F.2d 719, 727 (9th Cir. 1983); *see* Fed. R. Civ. P. 65(d).

By separate order, the Court dismissed Plaintiff's complaint for failure to state a claim. Thus, Plaintiff has not demonstrated that he is likely to succeed on the merits of his claim. Based on the foregoing, it is HEREBY ORDERED that Plaintiff's motions for court order, filed February 13, 2012, and April 27, 2012, are denied.

IT IS SO ORDERED.

Dated:   **September 11, 2012**              /s/ *Dennis L. Beck*
                                             UNITED STATES MAGISTRATE JUDGE