# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERTO HERRERA,<br><br>    Plaintiff,<br><br>  v.<br><br>L. D. ZAMORA, et al.,<br><br>    Defendants. | Case No. 1:11-cv-02076-DLB PC<br><br>**ORDER DISMISSING ACTION FOR FAILURE TO OBEY COURT ORDER AND FAILURE TO STATE A CLAIM**<br><br>ECF Nos. 19, 23 |

Plaintiff Roberto Herrera ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation. Plaintiff is proceeding pro se and in forma pauperis in this civil action pursuant to 42 U.S.C. § 1983. Plaintiff filed his complaint on December 12, 2011. On September 9, 2012, the Court screened Plaintiff's complaint and dismissed it for failure to state a claim, with leave to amend. ECF No. 19. Plaintiff was provided thirty days by which to file his amended complaint. On September 27, 2012, Plaintiff filed a response, indicating that he did not wish to amend his complaint and arguing that he stated a claim. On November 7, 2012, the Court provided Plaintiff one final opportunity to file an amended complaint. ECF No. 23. On January 14, 2013, Plaintiff notified the Court that he cannot and would not amend his complaint.

Local Rule 110 provides that "failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where

appropriate . . . dismissal of a case." *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986) (per curiam). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See*, *e.g.*, *Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

In the instant case, the Court finds that the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal  The third factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor -- public policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424. The Court's order expressly stated: "Failure to timely file an amended complaint will result in dismissal of this action for failure to obey a court order and failure to state a claim." Thus, Plaintiff had adequate warning that dismissal would result from his noncompliance with the Court's order.

Accordingly, it is HEREBY ORDERED that

1. This action is DISMISSED for failure to obey the Court's November 6, 2012 Order and for failure to state a claim; and

2. The Clerk of the Court is directed to close this action.

IT IS SO ORDERED.

Dated:   **February 26, 2013**                    /s/ *Dennis L. Beck*
                                                          UNITED STATES MAGISTRATE JUDGE